JAMES C. JACOBS, Respondent, *v.* SYLVESTER J. MILLER Appellant.

*Injunction — damages occasioned by — Code, § 222.*

Where, in an action brought to procure an injunction, a temporary injunction is dissolved, and, subsequently, upon the trial, the complaint is dismissed, the successful party is entitled, under section 222 of the Code, to an order directing that the damages sustained by him shall be ascertained by a reference or otherwise, as the court may determine; and it is error for the court to deny a motion for a reference, without directing any other mode of ascertaining the damages, even though no damages would be allowed.

Appeal from an order denying a motion of defendant for a reference, under section 222 of the Code, to ascertain the damages sustained by the defendant by reason of a temporary injunction procured by the plaintiff in this action.

*Thomas F. Wentworth*, for the appellant.

*Moody B. Smith*, for the respondent.

BRADY, J. :

The plaintiff obtained a preliminary injunction, which was afterwards dissolved, and on appeal to the General Term the order of dissolution was sustained. The issue was, however, in due time brought to trial, and the complaint was dismissed, chiefly upon the ground urged by the defendant that the contract out of which the cause of action sprung was void, as against the policy of the law. In other words, the defendant having in his possession certain notes which the plaintiff had given him, and which the latter sought by injunction to prevent him from transferring or collecting, resisted the application for an injunction ; and when the action was tried, asked a dismissal of the complaint because the contract with which the notes were connected was void, and the plaintiff was, therefore, in no jeopardy and required no protection. There were other grounds, but this is one which was accepted by the justice presiding on the trial, and the complaint was dismissed. Under such circumstances, this does not seem to be a case in which any damages would be awarded, and the court at Special Term disposed of the motion for a reference to ascertain the defendant's damages, under the provision in the undertaking given on obtaining the injunction, on that theory, by denying the motion. We are much inclined to follow that ruling, but we think the Code, by section 222, entitles an enjoined but successful party to some order stating the manner in which his damages shall be ascertained. *Park* v. *Musgrave* (13 N. Y. Sup. Ct. R., 223), decided in this department, has so declared. The learned justice below refused to interfere and denied the motion. This did not carry out the provisions of the Code, which declare that the damages may be ascertained by a reference, or otherwise, as the court shall direct. The order made contained no direction, and, in effect, repudiated the right to an order determining the mode of ascertainment. We think the appellant was entitled, under the Code, to an order directing the manner in which his damages, if any, should be ascertained.

The order must, therefore, be reversed, but without costs.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, without costs.